UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RYAN HAYDE,<br><br>        Petitioner,<br><br>      v.<br><br>BRIAN KIBLER,<br><br>        Respondent. | Case No. 8:21-cv-01433-HDV-SP<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report to which Petitioner has objected.

      The Report recommends that the Petition be denied and that this action be dismissed with prejudice. The Report finds that Petitioner is not entitled to relief for his sole claim that the trial court terminated his self-representation and appointed counsel to represent him during trial, in violation of his rights under the First and Sixth Amendments. (ECF No. 33.) For the following reasons, Petitioner's objections to the Report (ECF No. 48) do not warrant a change to the Magistrate Judge's findings or recommendation.

1

The Report found that Petitioner's self-representation was revoked because he "was acting to prevent the speedy resolution of his case and to prevent the orderly administration of justice." (ECF No. 33 at 23.) The examples that the Report cited from the record included the following: Petitioner insisted on the existence of a wiretap that did not exist; he accused his investigators of concealing and falsifying evidence and engaging in criminal conduct; he accused the prosecutor of withholding/concealing and falsifying evidence; he accused the trial judge of various improprieties including obstruction of justice and bias; and he regularly interrupted the trial judge. (*Id*. at 23-24.) The record also showed that he appeared to delay the proceedings with the goal of inducing the prosecutor to offer a plea deal for time served. (*Id*. at 22.)

Petitioner's objections do not persuasively rebut these findings. Instead, he continues to assert in his objections that there was a wiretap (ECF No. 48 at 3-4); that his first investigator concealed documents and retaliated against him for complaining to the trial court (*id*. at 4-5); that the prosecutor withheld evidence (*id*. at 5); that his next investigator would not file his moving papers, refused to interview witnesses, and committed fraud (*id*. at 6-7); that the prosecutor misled the trial court about documents in an effort to push Petitioner into his preliminary hearing unprepared (*id*. at 8); that his third investigator had been deliberately concealing and suppressing acquisition of defense discovery (*id*.); and that the trial court only minimized, downplayed, and antagonized Petitioner (*id*. at 11). Petitioner's continued insistence that everyone involved in his trial was deeply corrupt reinforces the Report's finding that his actions constituted "serious and obstructionist misconduct." (ECF No. 33 at 24 (quoting *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

Petitioner further objects that the trial court improperly relied upon *People v. Fitzpatrick*, 66 Cal. App. 4th 86, 92 (1998), in revoking Petitioner's self-representation. (ECF No. 48 at 12-13.) Specifically, Petitioner disagrees with the trial court's findings that he had abused the dignity of the courtroom and deliberately engaged in serious obstructionist misconduct. (*Id*. at 13-15.) As the trial court found, however, Petitioner

repeatedly accused everyone involved in the case of lying and corruption, and asserted that time was needed to resolve this supposed obstruction of justice. (ECF No. 33 at 21.) The Report cited multiple cases for the proposition that a trial court reasonably could find such conduct to be an abuse of the dignity of the courtroom and obstructionist. (ECF No. 33 at 24-25.)

Petitioner further objects that the trial court should have appointed him standby counsel rather than terminating his self-representation. (ECF No. 48 at 16.) But Petitioner had no constitutional right to standby counsel. *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994) ("A defendant does not have a constitutional right to 'hybrid' representation.") (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984), and *Locks v. Sumner*, 703 F.2d 403, 407-08 (9th Cir. 1983)); *see also United States v. Mabie*, 663 F.3d 322, 329 (8th Cir. 2011) (rejecting an argument that the trial court "was required to employ a less-restrictive means" prior to revoking a defendant's pro per status).

The Court accepts the findings and recommendation of the Magistrate Judge.

IT IS THEREFORE ORDERED Judgment will be entered denying the Petition and dismissing this action with prejudice.

Dated: 4/30/24

HONORABLE HERNAN D. VERA
UNITED STATES DISTRICT JUDGE

3